JS-6

FILED
CLERK, U.S. DISTRICT COURT

9/30/2015

CENTRAL DISTRICT OF CALIFORNIA
BY: _____CW_____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BKK JOINT DEFENSE GROUP,<br><br>    Plaintiff,<br><br>v.<br><br>MONTROSE CHEMICAL CORP. OF CALIFORNIA; DOES 1-10,<br><br>    Defendants. | CASE NO. 2:14-CV-9085 FMO (AJWx)<br><br>[~~PROPOSED~~] ORDER ADMINISTRATIVELY CLOSING CASE<br><br>Judge: Hon. Fernando M. Olguin<br>[No Hearing Requested] |

      Having read and considered the Stipulation and Request for Order Staying Case Pending Final Settlement ("Stipulation"), and having discussed the parties' request with counsel at the Status Conference held on September 24, 2015, and good cause appearing therefore,

      **IT IS HEREBY ORDERED** that:

      1.    This case shall be placed on the Court's administrative closure docket, with all deadlines affecting timely prosecution of the case tolled (including deadlines for counterclaims and crossclaims under Federal Rule of Civil Procedure 13 and third-party claims under Federal Rule of Civil Procedure 14). The parties' substantive rights in this case are not affected by this administrative action.

      2.      The parties shall submit a joint status report to the Court describing the parties' efforts associated with the investigation and remediation of the BKK Class I Landfill and settlement every six months, with the first joint status report submitted six months after entry of this Order.

      3.      This matter shall remain on the Court's administrative closure docket unless and until (1) a final settlement agreement is reached, in which event the parties shall jointly request the dismissal of this action, with prejudice, with each party bearing its own attorneys' fees and costs, (2) Defendant Montrose Chemical Corporation of California is no longer a member of the BKK Joint Defense Group, and the BKK Joint Defense Group requests that the case be transferred to the active docket, or (3) both parties jointly request that the case be transferred to the active docket for the purpose of allowing further proceeding(s), subject to the Stipulation.

      4.      Nothing in this Order shall be considered a dismissal or disposition of this matter. This Order shall have no jurisdictional effect, and no legal consequence other than to remove this case from the Court's active docket.

      5.      Nothing in this Order shall affect the right of either party to defend or prosecute any separate action related to the BKK Class I Landfill.

      6.      Except as expressly set forth in the Stipulation, neither party has waived any argument or issue or made an admission of any kind by executing the Stipulation.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

7. Subject to the foregoing, the Clerk is directed to place this case on the Court's administrative closure docket, without prejudice to its being transferred to the active docket according to the procedures stated in Paragraph 3 above.

SO ORDERED, APPROVED, SIGNED AND ENTERED THIS 30th DAY OF _____September_____, 2015.

/s/
HON. FERNANDO M. OLGUIN
U.S. DISTRICT COURT JUDGE